IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN BARNES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-3099-X (BT) |
| | § | |
| JAMES WALTERS, ET AL., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Stephen Barnes, proceeding *pro se* and *in forma pauperis*, filed this action against James Walters, Andre Salone, Stephen Holt, and the Dallas Department of Veterans Administration (VA) Medical Center, alleging that the defendants discriminated against him because of his age and then retaliated against him for complaining about it. *See* ECF Nos. 3, 10, 13. The Court withheld issuance of a summons pending judicial screening under 28 U.S.C. § 1915(e)(2)(B). For the reasons stated, the Court should dismiss Barnes's complaint for failure to state a claim upon which relief can be granted.

**Background**

Barnes filed an original complaint (ECF No. 3), an amended complaint (ECF No. 10), and he responded to a Magistrate Judge Questionnaire (MJQ) to clarify his claims (ECF No. 13). Affording his pleadings the liberal construction due to *pro se* litigants, he alleges as follows:

1

Barnes worked for the Dallas VA Medical Center. *See* ECF No. 10 at 1. In 2018, when Barnes was 63, he was passed over for a promotion in favor of a "favoritism employee." ECF No. 13 at 3.[1] There was no advance announcement of the promotion opportunity, so Barnes had no chance to compete for it. ECF No. 13 at 3. The same thing happened in 2019 and 2020: Barnes failed to get promotions, and each time there was no advance advertisement of the opportunity, so Barnes was unable to "compete" or interview for the promotion. ECF No. 13 at 3, 6, 7. Each year, the promotion went to an employee under the age of 35 with less than two years of experience. ECF No. 13 at 4. Barnes was only made aware of who was promoted at morning meetings, which was a "total surprise" to him. ECF No. 13 at 7.

There was "favoritism" and "discrimination" in Barnes's department, and he was not allowed to speak to management about his "situation." ECF No. 13 at 6. "[The] discrimination was committed by Andre Salone and James Walters," the manager of medical distribution and the chief of supply chain management services respectively.[2] ECF No. 13 at 6, 12.

---

[1] Barnes says he was 63 "at the time this occurred." ECF No. 13 at 6. It is unclear what event Barnes is referencing, but the Court understands that Barnes means he was 63 when he did not get the promotion in 2018.

[2] Barnes says that the "act [of discrimination] was committed on May 8, 2020," but he also describes the discrimination as "ongoing." ECF No. 13 at 6.

At an unspecified time and regarding an unspecified subject matter, Barnes filed EEOC complaints in Houston and Washington. ECF No. 13 at 9. He also wrote to his "congressional district." ECF No. 13 at 9.

Then in May 2020, a "no contact order" was issued against Barnes for "fighting back." ECF No. 13 at 4. There was also a May 12, 2020 "altercation" with management "on hiring practices." ECF No. 13 at 3. Around that same time, Barnes was "detailed out of Dallas VA Medical Facility to a warehouse that is well over 100 degrees in the summertime." ECF No. 13 at 4. Salone and Walters also "retaliated against" Barnes by "detailing [him] and exposing him to Covid patient [sic] coming in and out of the V.A. facility from other V.A. hospital [sic] who had the Covid virus by screening them at the emergency entrance of the V.A." ECF No. 13 at 9. Barnes was charged with "AWOL" when in fact he had over 400 hours of administrative leave and over 400 hours of sick leave. ECF No. 13 at 9. He was also charged with "conduct unbecoming a federal employee" because he "spoke out against the department." ECF No. 13 at 9.

All these acts of alleged retaliation happened between May 12, 2020, and August 31, 2020. ECF No. 13 at 10. Barnes's "removal" was "proposed" on August 10, 2020, and, on that same day, he received a "letter" for conduct unbecoming a federal employee that he describes as "retaliation for speaking out." ECF No. 13 at 3.

On August 31, 2020, Barnes was terminated. ECF No. 10 at 1. The apparent reason the VA gave for the termination was "AWOL conduct unbecoming a federal

3

employee." ECF No. 13 at 3. Barnes, however, believes the termination was "on account of fighting back." ECF No. 10 at 1.

He filed this action, presumably pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. *See* ECF Nos. 3, 10, 13. He seeks the maximum amount of damages available in a wrongful termination suit and an order requiring the Dallas VA Medical Center to "restore" his job. ECF No. 13 at 14.

## Legal Standards

Barnes's complaint is subject to preliminary screening under 28 U.S.C. § 1915(e), pursuant to which a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

And "[a]lthough pleadings filed *pro se* are generally held to less stringent standards than those drafted by lawyers, *pro se* litigants must still reasonably comply with procedural rules." *Miller v. Lowe's Home Ctrs. Inc.*, 184 F. App'x 386,

4

389 (5th Cir. 2006) (per curiam) (citing *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995)).

### Analysis

Liberally construing his pleadings, Barnes claims that the defendants discriminated against him because of his age and retaliated against him for complaining about the discrimination. But he fails to plead enough facts to push his claims past the plausibility threshold.[3]

"The ADEA prohibits employment discrimination in both the private and local government sectors, and in federal employment." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing 29 U.S.C. § 623(a) (private and local government sectors, or "nonfederal sectors"); *id.* § 633a (federal sector). The federal sector provision states that "all personnel decisions affecting employees or applicants for employment [with various federal agencies, including the VA] who are at least 40 years of age . . . shall be made free from any discrimination based on age." *Id.* at § 633a(a).

---

[3] Barnes has also sued the wrong defendants. The only proper defendant in an ADEA claim against a federal agency like the VA is the head of the department or agency being sued. *See*, *e.g.*, *Wilson v. Dep't of Transp.*, 759 F.Supp.2d 55, 67 (D.D.C. 2011) ("Title VII and the ADEA do not impose individual liability; the only proper defendants in suits brought under these statutes is the head of the department or agency being sued.") (citing, in pertinent part, *Amariglio v. Nat'l R.R. Passenger Corp.*, 941 F.Supp. 173, 178 (D.D.C. 1996)). Thus, the appropriate defendant would have been the Secretary of the Department of Veterans Affairs, Denis Richard McDonough, in his official capacity. *See*, *e.g.*, *Jackson v. Wilkie*, 2020 WL 4912916, at *18 (E.D. Tex. July 21, 2020), *rec. accepted* 2020 WL 4884003 (E.D. Tex. Nov. 18, 2020) (finding that the Secretary of the VA was the proper defendant in a suit related to the plaintiff's employment with the VA).

A. <u>Barnes Fails to State a Discriminatory Treatment Claim</u>.

To establish a *prima facie* case of discriminatory treatment based on age, Barnes must show: 1) he is within the protected class; 2) he was qualified for the position; 3) he suffered an adverse employment decision; and 4) he was replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., he suffered from disparate treatment because of his membership in the protected class). *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). A federal employee alleging age discrimination under the ADEA does not have to prove that age was a but-for cause of the employment decision to show a violation of the ADEA. *Babb v. Wilkie*, ---U.S.---, 140 S. Ct. 1168, 1177 (2020). Still, but-for causation is important in determining the appropriate remedy. *Id.* For a federal employee to obtain all forms of relief available under § 633(a), including hiring, reinstatement, backpay, and compensatory damages, he must show that age discrimination was a but-for cause of the employment action. *Id.* at 1177-78. However, "if [he] show[s] that age was a but-for cause of differential treatment in an employment decision but not a but-for cause of the decision itself," he can still "seek injunctive or other forward-looking relief." *Id.* at 1178.

Although, at this pleading stage, Barnes is not required to submit evidence to establish a *prima facie* case of discrimination, he must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam); *see also Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp.2d 738, 741 (N.D. Tex.

6

2012) (explaining that, at the pleading stage, "a plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of the plaintiff's age").

Barnes fails to do that. He alleges that he is a member of the protected class and that he suffered an adverse employment action—namely, that the VA declined to promote him. But he does not allege any specifics about the position he was not promoted to, much less that he was qualified for it. He simply alleges that, from 2018-2020, there was an available promotion that he did not get, which went to a younger employee with less than two years of experience. Because Barnes does not allege what the position was, what it entailed, and how he was qualified for it, he fails to plausibly allege a discriminatory treatment claim. *See*, *e.g.*, *Culley v. McWilliams*, 2021 WL 1799431, at *9 (N.D. Tex. Apr. 21, 2021), *rec. accepted* 2021 WL 1789161 (N.D. Tex. May 4, 2021) (dismissing ADEA claim where the plaintiff did not "even allege that [s]he was qualified for [any] position" she complains she did not receive) (citing *Lacey v. City of Desoto, Texas*, 2005 WL 17656, at *3 (N.D. Tex. Jan. 3, 2005)); *see also Adams v. Foot Locker Retail, Inc.*, 2008 WL 5068965, at *1 (S.D.N.Y. Nov. 19, 2008) ("Plaintiff's complaints do not contain any specifics regarding the positions he applied for, his qualifications, or the circumstances under which he failed to obtain the positions. Without such basic details, the complaints must be dismissed for failure to state a claim."); *Wheeler v. Bank of New York Mellon*, 256 F.Supp.3d 205, 217 (N.D.N.Y. 2017) (same).

Relatedly, these deficiencies in Barnes's pleadings prevent him from showing that he was, for purposes of the relevant promotions, similarly situated to the three younger employees who obtained them, again highlighting that his claim does not bridge the gap from possibility to plausibility. *See, e.g.*, *Wheeler,* 256 F.Supp.3d at 217-18 (explaining that the failure to allege the specifics of the position and how the plaintiff was qualified for it prevented "her from showing that 'she was similarly situated in all material respects' to Allyne, her purported comparator[,]" which defeated "her attempt to raise of an inference of age discrimination by pointing to Allyne's promotion"); *see also Culley,* 2021 WL 1799431, at *9 (finding ADEA disparate-treatment claim was not plausible, in part because although the plaintiff alleged that a younger employee was treated more favorably, she alleged no facts to show that the younger employee was similarly situated) (citing *Smith,* 351 F.3d at 196).

For those reasons, Barnes fails to state a discriminatory treatment claim under the ADEA.

B. <u>Barnes Fails to State a Retaliation Claim</u>.

Barnes's allegations also fail to establish a plausible retaliation claim under the ADEA. Like ADEA discrimination claims, ADEA retaliation claims require the application of a burden-shifting analysis, which first requires a plaintiff to establish a *prima facie* case by showing: "'(1) that he engaged in a protected activity, (2) that there was an adverse employment action, (3) that a causal link existed between the protected activity and the adverse employment action' and (4) that he was qualified

8

to hold the position." *Richard v. St. Tammany Par. Sheriff's Dep't*, 2018 WL 2065594, at *8 (E.D. La. May 3, 2018) (quoting *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496-97 (5th Cir. 2015) (alteration omitted)). As to causation in particular, the plaintiff must plead "facts permitting a reasonable inference" that he or she was terminated because of the protected activity. *Wright v. Union Pacific Railroad Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (citing *Iqbal*, 556 U.S. at 678).

Barnes has not pleaded a plausible retaliation claim. He engaged in protected activity by filing EEOC complaints. *See*, *e.g.*, *Hardy v. Shell Chemical Co.*, 693 F.Supp.2d 611, 624 (E.D. La. 2010) (citing *Fanning v. Met. Transit Auth of Harris County, Tex.*, 141 F. App'x 311, 314 (5th Cir. 2005)). As for adverse employment actions, he claims that he was fired, was forced to work in a hot warehouse during the Texas summer, was subject to a "no contact order," and was assigned to a position where he was exposed to COVID-19 patients. An adverse employment action is determined by examining whether the challenged conduct is "materially adverse" such that the action is "harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Porter v. Houma Terrebonne Housing. Auth. Bd. of Comm'rs.*, 810 F.3d 940, 945 (5th Cir. 2015). Termination is clearly an adverse employment action. Barnes provides no details, however, about his job responsibilities so the Court cannot meaningfully analyze whether his apparent transfers to a warehouse position and position in which he encountered COVID-19-positive individuals

9

were so outside the pale of his normal responsibilities that they would have "dissuad[ed] a reasonable worker from making or supporting a charge of discrimination" in his position. *Porter*, 810 F.3d at 945. But even if all the things Barnes complains about are adverse employment actions, he has not plausibly alleged causation.

"'Close timing between an employee's protected activity and an adverse employment action against him may provide the 'causal connection' required to make out a prima facie case of retaliation.'" *Aguillard v. La. Coll.*, 824 F. App'x 248, 251 (5th Cir. 2020) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007)). When temporal proximity is "very close," it alone may suffice to establish the causal connection. *Besser v. Tex. Gen. Land. Off.*, 834 F. App'x 876, 884 (5th Cir. 2020) (citing *Clark Cnty. Sch. Dist. V. Breeden*, 532 U.S. 268, 273-74 (2001)).

Here, there are no allegations from which the Court could infer that Barnes's alleged protected activity motivated, in any sense, the adverse employment actions against him. He does not say when he filed his EEOC complaints—or even what they were about—so the timing in this case does not make a causal connection plausible. At most, Barnes simply offers conclusory allegations that the VA retaliated against him for "fighting back" and "speaking out." *See*, *e.g.*, ECF No. 13 at 3-4. Such conclusory allegations are insufficient to state a claim. *See*, *e.g.*, *Thompson v. Dukes*, 2011 WL 4702471, at *1 (N.D. Tex. Sept. 30, 2011) (noting

10

that "conclusory allegations and legal conclusions are insufficient to state a claim").

At bottom, Barnes's allegations are conclusory, and he fails to make a plausible claim of discrimination or retaliation based on age, so his claims under the ADEA should be dismissed under 28 U.S.C. § 1915(e).

## Leave to Amend

The Fifth Circuit advises courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). District courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. But "granting leave to amend is not required if the plaintiff has already pleaded his 'best case.'" *Bryant v. Wells Fargo Bank*, 2018 WL 4290791, at *4 (N.D. Tex. Aug. 23, 2018) (citing *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017), *rec. accepted* 2018 WL 4283556 (N.D. Tex. Sept. 7, 2018).

Here, Barnes has submitted two complaints and responded to an MJQ to further clarify his claims. A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam).

11

Because Barnes has been given several opportunities to amend or supplement his allegations through an amended complaint and responses to an MJQ, the Court concludes that he has pleaded his "best case" and further leave to amend is not warranted.

## Conclusion

Pursuant to 28 U.S.C. 1915(e)(2)(b), the Court should dismiss Barnes's claims for failure to state a claim upon which relief can be granted.

SO RECOMMENDED.

September 7, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).