UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN BARNES | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-3099-X-BT |
| | § | |
| JAMES WALTERS, et al., | § | |
| | § | |
| *Defendants.* | § | |

# **FINAL JUDGMENT**

This action came before the Court for consideration, and the issues having been duly considered and a decision duly rendered, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. The complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk shall transmit a true copy of this Final Judgment and the Court's Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge to all parties.

3. The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith.[1] In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's

---

[1] *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. PROC. 24(a)(3).

1

Findings, Conclusions, and Recommendation.[2] Based on the Findings, Conclusions, and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.[3] In the event of an appeal, the plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit.[4]

Each party shall bear its own fees, and defendants shall be awarded costs.[5] All relief not expressly granted is denied. This is a final judgment.

**IT IS SO ORDERED** this 16th day of February, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997).

[3] *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) (per curiam). Federal Rule of Appellate Procedure 4(a) governs the timeline for appealing an order. A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.

[4] *See Baugh*, 117 F.3d at 202; FED R. APP. PROC. 24(a)(5).

[5] *See* FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

2